IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-02287-ZLW-MJW

VICKIE L.  BROWN,

Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST, and
WELLS FARGO BANK, N.A., as Trustee for Stanwich Mortgage Loan Trust,
Series 2010-3 Asset-Based Pass-Through Certificates,

Defendants.

---

**RECOMMENDATION ON
PETITION FOR TEMPORARY INJUNCTION (Docket No. 2)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**


This case was referred to this court pursuant to an Order of Reference to United

States Magistrate Judge issued by Senior Judge Zita Leeson Weinshienk on September

23, 2010.  (Docket No. 3).

The court will not attempt to summarize the pro se plaintiff's lengthy and

somewhat meandering "Original Petition" (hereinafter the "Complaint") (Docket No. 1).

It is essentially the same pleading filed in this District by at least two other pro se

plaintiffs earlier this year.  See Beauprez v. Prinsbank, CapfinancialCV2, LLC, Civil

Action No. 10-cv-01350; Peters v. Bank of Am., Civil Action No. 10-cv-01382-MSK-

MJW.  Based on a liberal construction of that pleading, see Haines v. Kerner, 404 U.S.

519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), the court

ascertains that the plaintiff is the borrower and the defendants are the lenders on a residential refinanced mortgage. Plaintiff alleges, among other things, violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.,* and the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* plus claims of breach of fiduciary duty, negligence and negligence per se, fraud, and intentional infliction of emotional distress. She seeks a variety of remedies, including an order "enjoining lender and any successor in interest from foreclosing on the Petitioner's Property pending adjudication of Petitioner's claims set forth herein," for "rescission of the loan contract," and to "quiet title to Property," among other things. (Docket No. 1 at 24).

Now before the court is the pro se plaintiff's *ex parte* Petition for Temporary Injunction (Docket No. 2) in which she appears to seek both a temporary restraining order and a preliminary injunction preventing the defendants "from foreclosing on and selling the property until and unless defendant prevails in the current litigation." For the reasons stated below, and as found in the Beaupreez and Peters with respect to virtually identical motions,[1] it is recommended that the motion be denied.

Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure,

[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant's attorney certifies in writing any efforts made to give

---

[1] See Peters v. Bank of Am., 2010 WL 2682129 (D. Colo. July 2, 2010); Beauprez v. Prinsbank, 2010 WL 24823804 (D. Colo. Jun 14, 2010).

notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  To obtain a preliminary injunction under Fed. R. Civ.P. 65(a), a plaintiff must show: (1) a likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that would result to the opposing party if the motion were granted ( *i.e.,* that the "balance of the equities" favors the movant); and (4) the injunction will not adversely affect the public interest.  <u>Wilderness Workshop v. U.S. Bureau of Land Mgt.</u>, 531 F.3d 1220, 1224 (10th Cir. 2008).  The court may require a party seeking a temporary restraining order or preliminary injunction to post a bond or otherwise give security "in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).

Turning first to the plaintiff's motion for a temporary restraining order, the court finds the request deficient.  The motion is not supported by an affidavit.  Fed. R. Civ. P. 65(c)(1)(A).  The motion itself contains a "verification" page that includes a statement that plaintiff swears and affirms that all statements made therein were true and accurate in all respects to the best of her knowledge, and a jurat  completed by a notary. Nevertheless, even if such were sufficient, neither the motion nor the Complaint contains any specific facts which clearly show that immediate and irreparable injury, loss, or damage will result to the plaintiff before the defendants can be heard in opposition.  Plaintiff makes various references to the defendants "foreclosing" on the property, but there is no indication that foreclosure proceedings have even been commenced, much less that a foreclosure sale is imminent and will occur before the

defendants can be heard in opposition. Plaintiff's motion is essentially stock language utilized by at least two other plaintiffs in this court with virtually no substantive factual averments specific to her case which support the necessity for a temporary restraining order under the facts and circumstances facing the plaintiff. Accordingly, the plaintiff has failed to carry her burden of showing an imminent injury under Fed. R. Civ. P. 65(c)(1)(A).  In addition, she has failed to make any showing under Fed. R. Civ. P. 65(c)(1)(B) as to the attempts she made to give notice to the defendants of this proceeding and her request for emergency injunctive relief, nor has she shown circumstances suggesting that such notice should be excused.  Accordingly, because plaintiff has failed to make any of the showings required by Fed. R. Civ. P. 65(b), the motion for a temporary restraining order should be denied.

With regard to the apparent motion for a preliminary injunction, such is also facially deficient, and should thus be denied.  For the same reasons stated above, the plaintiff has not made even a facial showing of an imminent, irreparable injury.  Without a showing that foreclosure proceedings have been commenced and that a foreclosure sale has been scheduled, the plaintiff has not, and cannot, show an imminent injury sufficient to support preliminary injunctive relief.  Moreover, the court finds that the plaintiff's proposed preliminary injunction is facially deficient on other grounds as well, most notably, the requirement that the injury to be prevented outweighs the harm to the defendants from granting the injunction and the requirement that the plaintiff be prepared to post a bond in an amount to be set by the court.  Plaintiff apparently concedes that she entered into a mortgage with the defendants and implicitly concedes

that that loan is now in default, thus giving rise to the contractual remedy of foreclosure. Thus, the only way the plaintiff can escape the inevitable consequence of having defaulted on the mortgage is to have the entire agreement rescinded in its entirety. Peters v. Bank of Am., 2010 WL 2682129, at *2.

A limited rescisionary remedy is available under some statutes invoked by the plaintiff (although there is some reason to doubt whether such a remedy might be available to the plaintiff in this case). Id. (citing 15 U.S.C. § 1635) (rescission available under TILA but not applicable to residential mortgage transactions or refinances thereof, and may be exercised only within three years of the transaction). However, a borrower seeking to invoke the right to rescind a transaction under TILA is also required to tender back to the lender the property the borrower received as part of the transaction. Id. (citing 15 U.S.C. § 1635(b)). In other words, if the plaintiff wishes to undo the mortgage transaction at issue in this case, she must be prepared to immediately pay back the principal of the loan that she received upon entering into the transaction. Id. Indeed, were the court inclined to recommend that a preliminary injunction be granted to the plaintiff to halt any threatened foreclosure, it would recommend that the plaintiff be required to make a showing of an ability to promptly tender back the funds received in the transaction before the court would conclude that the plaintiff had satisfied the element requiring the "balancing of the equities" element. Id. Plaintiff's motion for preliminary injunction gives no indication that the plaintiff is prepared to tender back the mortgage funds if an injunction were to be granted, and thus, the court finds that plaintiff has failed to make a *prima facie* showing of the balancing of the equities element.

In a related light, even if the court were to recommend the issuance of a preliminary injunction, this court would also recommend conditioning the granting of a preliminary injunction preventing foreclosure on the plaintiff upon giving security that would adequately protect the defendants from suffering any economic losses or damages should this case ultimately be resolved in the defendants' favor.  Id.  At a minimum, such security would be in an amount equal to the income that the defendants would receive from the plaintiff's compliance with the terms of the mortgage or the amount of income the defendants would receive from investing the proceeds of the sale of the property were it to be foreclosed upon.  Id.  Plaintiff's preliminary injunction motion does express a willingness to post a bond in the amount the court deems appropriate (Docket No. 2 at 26), but plaintiff  has not demonstrated her ability to post a bond in the amounts discussed above. For this reason as well, the court finds the plaintiff's preliminary injunction motion facially deficient.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the plaintiff's Petition for Temporary Injunction (Docket No. 2) be **DENIED**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file**

and serve such written, specific objections waives *de novo* review of the

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions.

<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley</u>

<u>v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date: September 28, 2010       <u>s/ Michael J. Watanabe</u>
      Denver, Colorado        Michael J. Watanabe
                               United States Magistrate Judge